IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OAK HARBOR FREIGHT LINES, INC.,

        Plaintiff,

                                                                 Case No. 3:13-cv-01100-HZ

                                                                        OPINION & ORDER

       v.

SETH D. HARRIS, Acting Secretary of Labor,
United States Department of Labor,

        Defendant.

Richard C. Hunt
Banu Kite Ramachandran
Edwin A. Harnden
BARRAN LIEBMAN, LLP
601 SW Second Ave., Suite 2300
Portland, OR 97204

       Attorneys for Plaintiff

Bradley Heath Cohen
U.S. DEPT. OF JUSTICE, CIVIL DIVISION
Federal Programs Branch
20 Massachusetts Ave., NW Room 7338
Washington, DC 20001

       Attorneys for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Oak Harbor Freight Lines, Inc. ("Oak Harbor") is a service carrier with operations in Washington, Oregon, Idaho, and Nevada. Compl., ¶ 29. Shawn Flanery, Jeffrey Murillo, and Cade Mason, three drivers employed by Oak Harbor, filed complaints with the Occupational Safety and Health Administration ("OSHA"). In their complaints, Flanery, Murillo, and Mason alleged Oak Harbor violated 49 C.F.R. § 392.3 ("§ 392.3"), which prohibits drivers from operating commercial motor vehicles when fatigued or ill, and the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105 ("§ 31105"), which makes it unlawful for employers to retaliate against employees for following § 392.3. See 49 U.S.C. § 31105(a)(B)(i).[1] Compl., ¶¶ 12-19.

Plaintiff brings this action against Seth D. Harris, the Acting Secretary of Labor (the "Secretary"), seeking a declaration that Plaintiff's attendance policy under which it disciplined Flanery, Murillo, and Mason does not violate § 392.3 and § 31105. Compl., Prayer for Judgment, ¶ 1. Now before this Court is Defendant's motion to dismiss (dkt. #8) under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim, respectively. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

**I. The Complaint**

The Complaint states that "Flanery, Murillo, and Mason . . . filed complaints [with OSHA]" alleging Oak Harbor violated § 31105. Compl., ¶¶ 13-14. According to the Complaint, Flanery filed a complaint with OSHA alleging that Oak Harbor unlawfully retaliated against him

---

[1] Flannery's complaint alleges that Oak Harbor suspended and terminated his employment in retaliation for refusing to drive in violation of § 392.3 and § 31105. Compl., ¶ 14. Murillo and Mason allege Oak Harbor suspended them in retaliation for refusing to drive in violation of § 392.3 and § 31105. Id., ¶¶ 18-19.

in violation of § 31105 when it "suspended him without pay on or about September 24, 2010, and then terminated his employment on or about September 30, 2010, . . . for . . . refusing to drive . . . ." Compl., ¶¶ 14, 16.  Murillo's complaint alleges that Oak Harbor unlawfully retaliated against him on October 17, 2012, and January 16, 2013, for "refus[ing] to drive when he 'inform[ed] dispatch that he was too sick to safely drive.'"  Id., ¶ 18.  Mason's complaint alleges Oak Harbor unlawfully retaliated against him in violation of § 31105 when it "suspended him on or about January 29, 2013 . . . 'for refusing to drive in violation of [§] 392.3[.]'"  Compl., ¶ 19.

The Complaint also alleges that "[o]n November 4, 2010, the Secretary, through an OSHA investigator named Rebecca Phelps, proposed to . . . settle[] . . . Flanery's complaint" by requiring Oak Harbor "to pay Flanery . . . back wages, to expunge Flanery's employment records . . . ; to 'respond with [only] a neutral reference' should any third party inquire as to Flanery's employment . . . ; to revise its attendance policy . . . [;] . . . and to provide training to all [Oak Harbor] agents and representatives regarding the protections of . . . [§] 31105 and . . . [§] 392.3."  Compl., ¶ 15.  "On December 26, 2010, the Secretary . . . again proposed to [settle] . . . Flanery's complaint, and threatened that if Oak Harbor did not . . . [settle] and pay damages to Flanery . . . , Phelps would 'recommend[] to [her] supervisor that there [was] sufficient evidence . . . to show that Oak Harbor violated [§ 31105] when it suspended and then discharged' Flanery."  Compl., ¶ 17.  The Complaint also alleges the Secretary "'encouraged [Oak Harbor] to promptly settle [Murillo's] complaint" and "warned [Oak Harbor] that failure to 'make employees available for interviews upon request' could 'result in an adverse Finding . . . and possibly . . . punitive damages.'"  Id., ¶ 18.  With respect to Mason, the Complaint alleges that the Secretary "'encouraged' Oak Harbor 'to consider offering . . . Mason's job back in good faith

if . . . Mason was discharged,' and again warned that failure to 'make employees available for interviews . . .' could 'result in an adverse Finding . . . and possibly . . . punitive damages.'" Id., ¶ 19.

"On June 24, 2013, the Secretary, through Phelps, informed Oak Harbor that OSHA . . . agree[d] . . . that there [was] sufficient evidence to show that Oak Harbor violated [§31105] when it suspended and then discharged . . . Flanery . . . . [and] . . . urged Oak Harbor to sign . . . a settlement . . . by July 1, 2013." Id., ¶¶ 15, 20 (internal quotation mark omitted).  The settlement "require[d] Oak Harbor . . . to pay Flanery a specified sum constituting back wages and $10,000 in punitive damages, to expunge Flanery's employment records of various pieces of information, to refrain from mentioning to any third parties Flanery's alleged 'protected activity,' to revise its attendance policy . . . , and to provide training to all its agents and representatives regarding the protections of . . . [§] 31105 and . . . [§] 392.3." Compl., ¶ 20.  That same day, June 24, 2013, the Secretary also "urged Oak Harbor to settle the complaints brought by Murillo and Mason by 'offering a lump sum monetary amount . . . and expungement [sic] of their personnel records.'" Id., ¶ 21.  The Secretary "warned that if Oak Harbor did not promptly settle the cases . . . , then 'OSHA [would] increase the punitive damage amount with each complaint[,]' . . . [which under § 31105 could]  reach $250,000." Compl., ¶ 21.

**II. Oak Harbor's Attendance Policy**

Oak Harbor's attendance policy tracks employee "unscheduled absences," which Plaintiff also refers to as "occurrences." Id., ¶ 8. Employees who accumulate occurrences "are subject to progressive disciplinary action, including verbal and written warnings, suspension, and termination." Id.  Employees who assert that they are "too ill or fatigued to drive safely[,]" are "permitted to work for Oak Harbor at a task other than driving that day, at no reduction in pay

and without facing any discrimination, sanction, or penalty." Id., ¶ 10. Drivers who merely call in sick and do not report to work, however, incur occurrences under Oak Harbor's attendance policy. Id., ¶ 11.

Oak Harbor alleges that the "Secretary's prosecution of [Flanery, Murillo, and Mason's] complaints, and the Secretary's . . . unpublished position regarding the lawfulness of Oak Harbor's attendance policy, is based upon an erroneous interpretation of . . . [§] 392.3 and . . . [§] 31105." Compl., ¶ 24. Oak Harbor also alleges that it did not "'discharge[,] . . . discipline[,] or discriminate against'" Flanery, Murillo, or Mason because they "'refuse[d] to operate a vehicle'" under § 392.3, but only "suspended and terminated" them because they "failed to report to work without notice or excused cause." Compl., ¶¶ 26, 27. Finally, Plaintiff alleges that its attendance policy "ensure[s] that any driver who declines to drive because he asserts that his operation of a commercial motor vehicle would violate . . . [§] 392.3 is provided the opportunity to work at another task and to earn his regular wage that day" and is not disciplined "because the driver declined to drive because he asserted that his driving . . . would violate . . . [§] 392.3." Compl., ¶ 28.

**III. Claims**

    **A. First Claim for Relief**

Plaintiff's first claim for relief seeks a declaration that "its uniformly applied attendance policy, in conjunction with its policy of providing alternate duty work to drivers who assert that they are unable to drive . . . pursuant to . . . [§] 392.3, is lawful and does not violate . . . [§] 392.3, . . . [§] 31105, or any other federal law or regulation." Compl., First Claim for Relief, ¶ 3. Oak Harbor alleges that the "Secretary's unpublished interpretation of . . . [§] 392.3 and . . . [§] 31105" violates its "Fifth Amendment right to due process . . . ." Compl., First Claim for Relief,

¶ 4(a)-(b). Oak Harbor further alleges that the "Secretary's procedures for resolution of employee complaints brought under . . . [§] 392.3 and . . . [§] 31105 are likely to result in imposition of an order upon Oak Harbor that violates Oak Harbor's First Amendment rights . . . ." Compl., First Claim for Relief, ¶ 4(e).

### B. Second Claim for Relief

Plaintiff's second claim for relief alleges it has standing to seek judicial review pursuant to "the Administrative Procedure Act [("APA")], 5 U.S.C, § 701 et seq. because it is suffering multiple legal wrongs and is adversely affected by the Secretary's actions, constituting agency action as defined in 5 U.S.C. § 702." Second Claim for Relief, ¶ 2. Plaintiff also alleges that it "has standing to seek judicial review pursuant to 5 U.S.C. § 704, which subjects final agency action to judicial review where there is no other adequate remedy." Id. Plaintiff alleges that "[t]he procedures provided by the Secretary for challenging his unpublished interpretation. . . are inadequate, and have resulted in determinations by the Secretary that are not supported by substantial evidence." Compl., Second Claim for Relief, ¶ 5. Plaintiff further alleges that the Secretary's "unpublished interpretation . . . are inadequate because OSHA's various area and regional offices may elect to subject Oak Harbor to multiple and inconsistent interpretations of . . . . [§] 392.3 and . . . [§] 31105." Compl., Second Claim for Relief, ¶ 6.

### C. Third Claim for Relief

Plaintiff's third claim for relief seeks a "stay against the Secretary's enforcement efforts based on his unpublished and erroneous interpretation of . . . [§] 392.3 and . . . [§] 31105 . . . until this Court resolves Oak Harbor's claim for declaratory relief . . . ." Compl., Third Claim for Relief, ¶ 2. Plaintiff's third claim for relief also alleges that the "Secretary's unpublished interpretation . . . violates Oak Harbor's Fifth Amendment due process right." Compl., Third

Claim for Relief, ¶¶ 2(a)-(c). Finally, Plaintiff alleges that the "Secretary's procedures for resolution of employee complaints brought under . . . [§] 392.3 and . . . [§] 31105 are likely to result in imposition of an order upon Oak Harbor that violates Oak Harbor's First Amendment rights . . . ." Compl., Third Claim for Relief, ¶ 2(d).

## STANDARDS

### I. Rule 12(b)(1)

A court must dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). While the court may hear evidence concerning subject-matter jurisdiction and resolve factual disputes where necessary, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims." Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing Rule 12(b)(1)).

### II. Rule 12(b)(6)

When considering a Rule 12(b)(6) motion, a court must "accept as true all of the factual allegations contained in the complaint" and may dismiss the case "only where there is no cognizable legal theory" or where there is an absence of "sufficient factual matter to state a facially plausible claim to relief." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). The facts alleged

must demonstrate "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citations and internal quotation marks omitted).

## DISCUSSION

Defendant maintains that Plaintiff's Complaint must be dismissed because: (1) § 31105(d) requires Plaintiff to "channel" its challenges to the Secretary's actions through the administrative review process and to a court of appeals, not a district court; (2) Plaintiff's claims are not reviewable under the APA; (3) and Plaintiff's claims are not ripe. Plaintiff responds that Defendant's motion to dismiss must be denied because OSHA has "blocked review" under the STAA by not timely issuing a preliminary order after Flanery, Murillo, and Mason filed their complaints, Plaintiff's actions are not within OSHA's enforcement authority, the STAA does not require "channeling" of Plaintiff's claims through an administrative review process, the Secretary's actions constitute a final agency action within the meaning of the APA, and Plaintiff's claims are ripe. Plaintiff's arguments fail.

**I. The STAA**

"In cases involving delayed judicial review of final agency actions," such as here, a court must "find that Congress has allocated initial review to an administrative body where such intent is fairly discernible in the statutory scheme." Thunder Basin Coal Co. v. Reich, 510 U.S. 200,

8 - OPINION & ORDER

207 (1994) (citations and internal quotation marks omitted). "Whether a statute is intended to preclude initial judicial review is determined from the statute's language, structure, and purpose, its legislative history . . . , and whether the claims can be afforded meaningful review." Id.

Relevant to Plaintiff's Complaint is § 392.3, which prohibits a driver from operating a "commercial motor vehicle" and which prohibits "motor carriers" from requiring or permitting a "driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle." Also relevant to Plaintiff's Complaint is the STAA, which prohibits unlawful retaliation against employees for conforming with § 392.3. See 49 U.S.C. § 31105(a)(B)(i). The STAA provides:

> A person may not discharge an employee, or discipline or discriminate against an employee . . . because . . . the employee refuses to operate a vehicle because . . . the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security . . . .

Id.

The STAA prescribes in detail the process aggrieved employees must follow to file complaints, how the Secretary is to issue findings and orders, and the administrative and judicial avenues available to the Secretary, aggrieved employees, and employers. Pursuant to the STAA, any employee aggrieved by an employer's "discharge, discipline, or discrimination in violation of [§ 31105(a)] . . . may file a complaint with the [the Secretary] not later than 180 days after the alleged violation occurred." 49 U.S.C. § 31105(b)(1). The Secretary must then "notify, in writing, the person alleged to have committed the violation of the filing of the complaint." Id. "Not later than 60 days after receiving a complaint," the Secretary must "conduct an investigation, decide whether it is reasonable to believe the complaint has merit, and notify, in writing, the complainant and the person alleged to have committed the violation of the findings."

9 - OPINION & ORDER

49 U.S.C. § 31105(b)(2)(A). If the Secretary "decides it is reasonable to believe a violation occurred, the [Secretary] shall include with the decision findings and a preliminary order . . . ." 49 U.S.C. § 31105(b)(2)(A). The STAA further provides that the "complainant and the person alleged to have committed the violation" may challenge the Secretary's "findings or preliminary order, or both," by filing objections and requesting a hearing within 30 days. 49 U.S.C. § 31105(b)(2)(B). When such challenges are filed, "all provisions of the preliminary order" are "stayed[.]"[2] 29 C.F.R. § 1978.106(b). If a hearing is not requested within 30 days, the preliminary order becomes "final" and is "not subject to judicial review." 49 U.S.C. § 31105(b)(2)(B). If a hearing is held, the Secretary must "issue a final order" within "120 days after the end of the hearing[.]" 49 U.S.C. § 31105(b)(2)(C).

Any person "adversely affected by an order" issued after the hearing "may file a petition for review . . . in the court of appeals of the United States" within 60 days after the order is issued. 49 U.S.C. § 31105(d). The STAA makes clear that "[a]n order of the [Secretary] subject to review under [§ 31105] is not subject to judicial review in a criminal or other civil proceeding." Id. The Secretary, however, "may bring a civil action to enforce the order in [a] . . . district court of the United States" if a person "fails to comply" with his order. 49 U.S.C. § 31105(e). The STAA also allows employees to "bring an original action at law or equity for de novo review in the appropriate district court of the United States" if the Secretary fails to issue a final decision within 210 days after they filed their complaints with OSHA. 49 U.S.C. § 31105(c). Lastly, the STAA allows "the [Secretary], the complainant, and the person alleged to have committed the violation" to settle "the proceeding" at any time before the Secretary issues a final order. 49 U.S.C. § 31105(b)(2)(C).

/ / /

---

[2] The "portion requiring preliminary reinstatement" is not stayed. 29 C.F.R. § 1978.106(b).

### II. "Blocked Review"

Plaintiff asserts that this Court should not grant Defendant's motion to dismiss because Defendant "blocked" it from following the STAA's review process. Plaintiff asserts that Defendant blocked its review by not making any findings related to Flanery's complaint and by "serv[ing] Oak Harbor with . . . additional complaints" by Murillo and Mason. Resp., p. 8.

Plaintiff's argument is unpersuasive. Plaintiff cites no authority for the proposition that under the facts here, OSHA has "blocked" it from pursuing administrative or judicial review under the STAA. The facts alleged here simply show that the Secretary has not yet made any findings or orders subject to administrative or judicial review under the STAA. As set forth under the STAA, Plaintiff can wait for the Secretary to issue his findings and orders, and then seek administrative review and review by a court of appeals, if necessary. By prematurely seeking a declaration by this Court stating that Plaintiff's attendance policy is lawful and that Plaintiff did not unlawfully retaliate against employees, Plaintiff attempts to evade the carefully crafted grievance process articulated by the STAA. Plaintiff's pre-enforcement action, based solely on the Secretary's settlement offers, Plaintiff's anticipation of adverse findings or orders by the Secretary, and the Secretary's decision to not issue any findings or orders at this time, simply do not establish that Plaintiff's avenue for administrative or judicial redress has been "blocked."

### III. The STAA

#### A. "Channeling" and Collateral Claims

Plaintiff asserts this Court has jurisdiction over its claims because they are "collateral" to the STAA and lie outside of OSHA's expertise. Id., pp. 5-7, 16. Plaintiff also asserts that Flanery, Murillo, and Mason did not engage in protected activity, and that even if they did, Oak

11 - OPINION & ORDER

Harbor consistently applies its attendance policy to all workers. Plaintiff further contends that OSHA has exceeded its statutory authority by not issuing a preliminary order within 60 days of Flanery's, Murillo's, and Mason's complaints. Finally, Plaintiff maintains that this Court has jurisdiction to address its claims because the STAA does not provide "procedures for handling complaints, claims, comments, or queries made by employers" or provide "any action an employer might be able to take to obtain the certainty of pre-enforcement review . . . ." Id., p. 14. Plaintiff's arguments are unavailing.

The United States Supreme Court has previously "upheld district court jurisdiction over claims considered wholly collateral to a statute's review provisions and outside the agency's expertise, . . . particularly where a finding of preclusion could foreclose all meaningful judicial review." Thunder Basin, 510 U.S. at 212 (citations and internal quotation marks omitted). Here, it is fairly discernible by the STAA's comprehensive statutory scheme that Congress intended employers such as Plaintiff to challenge the Secretary's findings and preliminary orders before an administrative law judge or a court of appeals, not a district court. Contrary to Plaintiff's bald assertions, whether Plaintiff's attendance policy is lawful and whether the disciplinary actions Plaintiff took against Flanery, Murillo, and Mason violated § 392.3 and § 31105 are the type of disputes that fall squarely within OSHA's expertise and the STAA's provisions. See 49 U.S.C. § 31105(a)(B)(i); 49 U.S.C. § 31105(d). Plaintiff's free speech and due process claims, which are inseparable from Plaintiff's attendance policy and how it applied its attendance policy, also fall squarely within OSHA's expertise and the STAA's provisions.

I also find that under the circumstances here, Plaintiff has not been foreclosed of all meaningful judicial review. The STAA establishes that an administrative law judge and a court of appeals–not a district court–have jurisdiction over challenges to the Secretary's findings and

orders.  It is, however, facially silent with respect to pre-enforcement challenges such as those brought by Plaintiff.  The STAA's silence regarding pre-enforcement challenges by employers supports my conclusion that Congress did not intend this Court to have jurisdiction over Plaintiff's claims.  The STAA's language allowing only the Secretary and aggrieved employees to file actions in a district court when a person fails to comply with the Secretary's order or when the Secretary fails to issue a final decision within 210 days after employees have filed their complaints further supports my conclusion that Congress did not intend this Court to have jurisdiction over Plaintiff's pre-enforcement challenges.  See 49 U.S.C. § 31105(c); 49 U.S.C. § 31105(e).

Plaintiff also fails to adequately explain why its claims cannot be meaningfully addressed in an administrative proceeding or by a court of appeals as required under the STAA.  Also worth noting is that Plaintiff points me to no language in the STAA or its legislative history showing that Congress intended this Court to have jurisdiction simply when the Secretary fails to issue findings or a preliminary order within 60 days after an employee files a complaint with OSHA.  Indeed, none of the cases cited by Plaintiff, including Ex parte Young, 209 U.S. 123 (1908) and Leedom v. Kyne, 358 U.S. 184 (1958), involve analogous facts or otherwise persuade me to conclude that I have jurisdiction over Plaintiff's claims–especially when considering the express language of the STAA.

In sum, the plain language of the STAA clearly establishes a "fairly discernible" intent to preclude district court review of Plaintiff's claims.  Nothing before me establishes that Congress intended to allow employers such as Plaintiff to evade the STAA's comprehensive review process by placing before a district court pre-enforcement challenges based on settlement offers

13 - OPINION & ORDER

or anticipated adverse findings or orders by the Secretary. Based on the plain language of the STAA, I conclude that this Court does not have jurisdiction over Plaintiff's claims.

### B. Exhaustion

Defendants argue that Plaintiff's claims must be dismissed because Plaintiff failed to exhaust its administrative remedies. Plaintiff responds that exhaustion under the STAA is unnecessary because this action is collateral to the STAA and the lawfulness of its attendance policy is "not contemplated by the STAA's review procedures." Resp., p. 27. Plaintiff contends that even if exhaustion were required under the STAA, its failure to exhaust should be excused because it has suffered irreparable harm and because OSHA made it impossible for it to exhaust its administrative remedies by "declin[ing] to issue a preliminary order[.]" Id.

Plaintiff's arguments are unavailing. As discussed above, Plaintiff's claims are not "collateral" to the STAA and Plaintiff fails to demonstrate that OSHA has "blocked" it from pursuing administrative or judicial review under the STAA. Furthermore, none of the cases on which Plaintiff relies, including Bowen v. City of New York, 476 U.S. 467, 469-70 (1986), which addressed failure to exhaust under the Social Security Act, and Nunez v. Duncan, 591 F.3d 1217, 1219, 1224 (9th Cir. 2010), which addressed exhaustion under prisoner grievance processes pursuant to 28 C.F.R. § 542.13-542.15, establish that Plaintiff may circumvent the specific review process laid out in the STAA. Finally, Plaintiff does not cite any authority which excuses an employer, such as Plaintiff, from following the detailed grievance process laid out under the STAA by simply alleging it has suffered irreparable harm.

## IV. The APA

Defendant argues that Plaintiff's claims are not reviewable under the APA because Plaintiff has other adequate remedies and because the Secretary's proposed settlement offers do

not qualify as final agency actions within the meaning of the APA. Plaintiff contends that its claims are reviewable under the APA because OSHA has only offered to settle the complaints filed by Flanery, Murillo, and Mason, not this case. Resp., p. 20. Plaintiff also contends that OSHA's offers to settle Flanery's, Murillo's, and Mason's complaints "take the form of threats and ultimatums that require . . . Oak Harbor [to] pay punitive damages and amend its attendance policy" and have "nothing to do with resolving [Flanery's, Murillo's, and Mason's complaints.]" Id. Plaintiff further contends that this action is reviewable under the APA because "OSHA has never offered Oak Harbor a settlement that would put to [sic] an end to OSHA's never-ending, never-resolved stream of complaints[.]" Resp., p. 21. Plaintiff further contends that OSHA's actions amount to "de facto" determinations that "necessarily constitute[] . . . unpublished interpretation[s] of . . . [§] 392.3, . . . [§] 31105, and 29 C.F.R. § 1978.102."[3] Resp., pp. 20-21. Finally, Plaintiff asserts that its failure to exhaust administrative remedies is "excus[able] or simply inapplicable[.]" Resp., pp. 23, 25.

Plaintiff's arguments lack merit. Under the APA, only an "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Here, the Complaint is absent any allegations that constitute an action by the Secretary made reviewable by the STAA or a final agency action by OSHA within the meaning of the APA. Plaintiff cites no authority and makes no compelling argument establishing that OSHA's actions, including OSHA's mere offers to settle Flanery's, Murillo's, and Mason's complaints and Plaintiff's speculation that it will be subject to "mounting threats," "continuing uncertainty," and more investigation costs, constitute

---

[3] 29 C.F.R. § 1978.102 provides, in relevant part, that "[i]t is a violation for any person to . . . discharge, discipline, . . . suspend, . . . or in any other manner retaliate against any employee because the employee . . . [r]efuses to operate a vehicle because . . . [t]he operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security . . . ." 29 C.F.R. § 1978.102(c)(1)(i).

final agency actions within the meaning of the APA. Additionally, Plaintiff fails to establish that it has no other adequate remedy where, as set forth under the STAA, it can simply wait for the Secretary to make his findings and orders, challenge such findings and orders before an administrative law judge, and then appeal such findings and orders to a court of appeals, if necessary.

**V. Ripeness**

Finally, Defendant asserts Plaintiff's claims are not ripe. To show its claims are ripe, a plaintiff must establish that its claims do not "rest[ ] upon contingent future events that may not occur as anticipated, or indeed may not occur at all . . . ." Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 656, 662 (9th Cir. 2002) (citations and quotation marks omitted). A court may not "consider a claim to be ripe for judicial resolution if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Id. at 662 (quotation marks omitted and emphasis added); Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (Citation omitted). "The burden is on the party seeking declaratory relief to establish the existence of an actual controversy." Active Sports Lifestyle USA, LLC v. Old Navy, LLC, SACV 12-572 JVS (Ex), 2012 WL 2951924, at *2 n.3 (C.D. Cal. 2012) (citations omitted).

Even if I had jurisdiction over Plaintiff's claims, I would still conclude that they must be dismissed because Plaintiff does not allege any facts showing that its claims are ripe. At this time, it is simply unknown whether Plaintiff will ever be subject to an adverse finding or order by the Secretary. The Secretary has only proffered to settle the complaints filed by Flanery, Murillo, and Mason, and has not yet issued any findings or orders, let alone any findings or

orders adverse to Plaintiff. Indeed, the Secretary may ultimately decide not to issue any finding or order. Plaintiff's Complaint is based on contingent future events which may not occur as anticipated or which may not occur at all. Accordingly, Plaintiff's Complaint fails to allege sufficient facts showing that its claims are ripe.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (dkt. #8) is GRANTED.

IT IS SO ORDERED.

Dated this 13 day of Dec, 2013.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

17 - OPINION & ORDER